```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:19-00091

**SAMUEL MANRIQUEZ**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On March 29, 2021, the United States of America appeared by Julie M. White, Assistant United States Attorney, and the defendant, Samuel Manriquez, appeared in person and by his counsel, Brian D. Yost, Esq., for a hearing on a petition seeking revocation of supervised release, submitted by United States Probation Officer Mark Ruscello. The defendant commenced a three (3) year term of supervised release on each of two counts to run concurrently in this action on October 23, 2020, as more fully set forth in the Judgment in a Criminal Case Order entered by the court on November 11, 2019.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) on January 8, 2021, at the defendant's residence on Wayson Drive in Nitro, West Virginia, the defendant assaulted a female friend of his friend, by holding a pistol to her head, threating to kill her, and striking her on the head with the pistol; (2) on the same date and place the defendant by force and robbery took from the same female an Apple IPhone SE, 64 GB, (3) on the same date and place the defendant had in his possession a Ruger 22/45 .22 caliber pistol while being a prohibited person due to the defendant's previous felony conviction, (4) On December 22, 2020, the defendant submitted a urine specimen that tested positive for methamphetamine and opiates, and he admitted to the probation officer that he consumed a mixture of heroin and methamphetamine on December 17, and 18, 2020, (5) On October 30, 2020, the defendant was directed to attend urine collection monthly through the court's contracted treatment provider, and with the exception of the December 22, 2020, urine collection, the defendant failed to attend urine collection from October 30, 2020, through January 20, 2020; and (6) On December 22, 2020, the defendant was

directed to attend individual substance abuse counseling twice monthly at the court's contracted treatment provider, and the defendant failed to participate in the substance abuse counseling at any time from December 22, 2020, through January 20, 2021, all as admitted on the record of the hearing by the defendant as to items (4) (5) and (6) above and it being agreed that the government has sufficient proof as to items (1) (2) and (3) that they could be proven by a preponderance of the evidence, and all as set forth in the petition, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant for each count in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583 (e), that the defendant should be confined

to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHTEEN (18) MONTHS, imposed as to each of Counts One and Two, both of which are to run concurrently with each other, and EIGHTEEN (18) months of supervised release imposed as to each of Counts One and Two, both of which are to run concurrently with each other and upon the same terms and standard conditions of supervised release as heretofore.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: April 1, 2021

John T. Copenhaver, Jr.
Senior United States District Judge